ANN ARBOR IRON & METAL CO. *v.* ZAIDMAN.

1. LANDLORD AND TENANT—FRAUD—SUBSEQUENT RATIFICATION.
   In suit for specific performance of 99-year lease of a junk yard, defendant landlord's claim of fraud in that plaintiff assured him it was for 20 years *held,* negatived by defendant's subsequent conduct which amounted to a ratification of the lease.

2. SPECIFIC PERFORMANCE—99-YEAR LEASE OF JUNK YARD—FUTURE PROFIT OF LANDLORD.
   Specific performance of 99-year lease of junk yard in which landlord agreed not to conduct a junk yard business in same city for a period of 10 years may not be denied because lease may be unprofitable to landlord in the future as parties to a solemn engagement must bear the hazards of their undertakings.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 4, 1935. (Docket No. 15, Calendar No. 38,376.) Decided September 9, 1935.

Bill by Ann Arbor Iron & Metal Company, a Michigan corporation, against Hyman Zaidman for specific performance of a 99-year lease of a junk yard, for an injunction and for other relief. Cross-bill by defendant to set lease aside because of fraud. Decree for defendant. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*Rosenburg & Painter,* for plaintiff.

*Burke & Burke,* for defendant.

FEAD, J. This is a bill to enforce specific performance of a 99-year lease of a junk yard in Ann Arbor.

Defendant had decree on cross-bill, setting aside the lease on the ground of fraud.

The lease was executed March 6, 1934, and acknowledged before a notary public. Defendant's claim of fraud is that he executed it without reading and upon plaintiff's assurance that it was a lease for 20 years. Defendant ascertained on March 7th that the instrument was a 99-year lease. He was acquainted with negotiations between plaintiff and the city authorities which resulted in plaintiff being required to erect a more costly building on the premises than the parties had contemplated. April 20th, his attorney, with his knowledge, addressed a letter to plaintiff as follows:

"Your agreement with Hyman Zaidman of this city has been breached by you by failing to pay the rent provided for in the lease. Unless this payment is made at once it will be necessary for us to start proceedings to repossess the premises for him."

Defendant's claim of fraud is not convincing. His subsequent conduct not only negatives it but amounts to a ratification of the lease.

The rent reserved is not claimed to be unreasonable. The lease requires plaintiff to erect a building thereon and defendant to pay the cost of insurance. Nothing is said about the payment of taxes. The lease also contains conveyance to plaintiff of stock on hand and an agreement by defendant not to conduct a junk yard business in Ann Arbor for the period of 10 years. Whether, because of future conditions, the lease will be profitable or unprofitable to defendant is a matter of speculation. The court may not deny specific performance of a solemn engagement of parties because of remote possibilities. Persons who contract must bear the hazards of their undertaking.

Decree is reversed and one will be entered putting plaintiff in possession of the premises under the lease, upon prompt payment of the rent due. The injunctive relief prayed will be denied, without prejudice to right of either party to pursue such remedies as future conditions may render proper. Plaintiff will have costs of both courts.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.